CHAVEZ & GERTLER LLP
Mark A. Chavez (SBN 90858)
Jonathan E. Gertler (SBN 111531)
Christian Schreiber (SBN 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel:   (415) 381-5599
Fax:   (415) 381-5572
mark@chavezgertler.com
christian@chavezgertler.com

COHEN ROSENTHAL & KRAMER LLP
Jason R. Bristol (Ohio Bar No. 0072989)(*pro hac vice pending*)
The Hoyt Block Bldg., Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
Tel:   216-781-7956
Fax:   216-781-8061
jbristol@crklaw.com

THORMAN PETROV GROUP CO., LPA
Elizabeth A. Rader (Ohio Bar No. 0038756)(*pro hac vice pending*)
3100 Terminal Tower
50 Public Square
Cleveland, OH 44113
Tel:   216-621-3500
Fax:   216-621-3422
brader@tpgfirm.com

*Attorneys for Plaintiff Thomas Black and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS BLACK, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>ROBERT HALF INTERNATIONAL, INC. a Delaware Corporation,<br><br>             Defendant. | Case No:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *ET. SEQ.*** <br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Thomas Black, by and through counsel, brings this action on behalf of himself and all others similarly situated against Robert Half International, Inc. (hereinafter "RHI" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, on behalf of himself and all others similarly situated to obtain monetary and other equitable relief from Defendant Robert Half International, Inc. for engaging in acts and practices violating the FCRA.

2. The FCRA prescribes the manner in which employers may procure and use background checks, as well as the information that a Consumer Reporting Agency ("CRA") may include in a background check. The Congress intended the FCRA to promote fairness in employment and to safeguard privacy rights.

3. There has been a dramatic increase in the use of background checks by employers, landlords, and insurers, due in part to an increase in the number of computerized records and a corresponding decrease in the cost of obtaining such records. According to a study conducted by the Society for Human Resources Management (SHRM), more than 80 percent of employers report conducting background checks on their job applicants and employees.

4. Despite the increase in the use of background checks by employers, the Federal Trade Commission and the Consumer Financial Protection Bureau have found rampant error rates in consumer reports. Identity theft, sloppy business practices, and other mistakes also contribute to inaccurate reports—errors that can cost individuals jobs, housing, and other financial opportunities.

5. The FCRA imposes numerous regulations around the use and content of consumer reports in the employment context to ensure workers are treated fairly. In fact, the FCRA requires notice to be given to the consumer before any adverse action is taken by an employer, if the employer's action is based on the content of a consumer report. The purpose of this requirement, and others like it, is to ensure that workers have an opportunity to correct errors before adverse employment decisions are made on the basis of the contents of a background check.

6. Despite this, Defendant RHI has a practice of taking adverse employment actions before providing notice to workers, in violation of the FCRA.

7. Plaintiff brings this action to stop RHI from its continued violations of the FCRA.

## PARTIES

8. Plaintiff Thomas Black is a natural person over the age of 18 and at all relevant times resided in Euclid, Ohio. Plaintiff is and was at all relevant times an Ohio citizen and a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant Robert Half International, Inc. is Delaware corporation with its principal place of business in Menlo Park, California. Defendant RHI is and was at all relevant times a person as defined by 15 U.S.C. § 1681a(b). RHI is publicly-traded on the New York Stock Exchange (NYSE: RHI) with annual revenue of more than $5 billion in 2015. RHI operates a nationwide staffing agency and is currently the third largest staffing company in the United States.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action pursuant to by 15 U.S.C. § 1681p and 29 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because the Defendant conducts business in the State of California and in this District and avails itself of the protections of the laws of the State of California.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and because Defendant conducts business in this District.

## FACTUAL ALLEGATIONS

### Robert Half International's Obligations Under the FCRA

12. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date.

13. Under Sections 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3), any person who uses an individual's consumer report for "employment purposes" and, based in whole or in part on the report, takes "adverse action" with respect to that individual, must send notices to the individual before taking the adverse action, which include certain specified information and

documents.

14. The term "adverse action" is defined by Section 603(k) of the FCRA, 15 U.S.C. § 1681a(k), to include, *inter alia*, "a denial of employment or any other decisions for employment purposes that adversely affects any current or prospective employee." Under Section 603(h) of the FCRA, 15 U.S.C. § 1681a(h), the term "employment purposes" means "for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee."

15. Pursuant to Section 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3), the notice provided to the individual prior to the adverse action (the "pre-adverse action notice") must include copies of (1) the consumer report upon which the decision is based, and (2) the Summary of Consumer Rights Under the FCRA, 16 C.F.R. Part 698, Appendix F.

16. Any person that negligently fails to comply with those requirements is liable for actual damages, litigation costs, and attorneys' fees. 15 U.S.C. § 1681o. In addition, any person that willfully fails to comply is liable for statutory damages of at least $100 but not more than $1,000 to each consumer injured, and for punitive damages. 15 U.S.C. § 1681n.

### **RHI's Unlawful Business Practices**

17. On or about January 28, 2015, Plaintiff was contacted by RHI about a job opening at Nationwide Mutual Insurance Company for a position to start February 9, 2015.

18. Plaintiff interviewed for this position on or about January 30, 2015, and was told by RHI that RHI and Nationwide Insurance wanted to hire Plaintiff for the position subject to the results of a criminal background check and a drug screen.

19. On January 30, 2015, Plaintiff completed a Notice and Authorization to Obtain Criminal Background Check for Employment Purposes.

20. On February 6, 2015, Plaintiff received a telephone call from RHI informing him that the criminal background report included a disqualifying felony record, which turned out to be an erroneous report of a felony conviction.

21. During this February 6 phone call, RHI informed Plaintiff that his job start date was at a minimum being postponed from February 9 until February 10 based upon a felony appearing in the criminal background report.

3
CLASS ACTION COMPLAINT

22. In fact, the background report reporting a felony conviction was inaccurate, because Plaintiff was never convicted for felony robbery.

23. On February 9, 2015, RHI informed Plaintiff that he would not be starting at Nationwide Insurance as previously planned, that he would not be placed with Nationwide Insurance at all, and indeed that RHI had classified him as "unplaceable" due to the criminal background report.

24. On February 14, 2015, Plaintiff received a letter dated February 10, 2015 from "General Information Services on behalf of Robert Half International Inc." that was an alleged "pre-adverse action" notice stating that: "A decision is currently pending regarding your application for employment or continued employment with Robert Half International, Inc. An adverse decision may be made based, in whole or in part, on the enclosed consumer report received from: General Information Services. . . .If any of the information in this report is incomplete or inaccurate, please contact the consumer reporting agency immediately. Unless we receive a satisfactory revised report or written explanation within 10 business days, an adverse employment decision will be made."

25. Although the February 14 letter stated that a decision was "currently pending" regarding Plaintiff's employment, the negative decision had already been made and communicated to Plaintiff on February 9.

26. On information and belief, Plaintiff's disqualification was communicated to Nationwide before Plaintiff received written notice.

27. The background report enclosed with the February 14, 2015 letter showed that the background report had been completed on February 6, 2015, at which time it was shared with RHI *but not* with Plaintiff. This February 6, 2015 background report was a "consumer report" as defined by 15 U.S.C. § 1681a(d).

28. The background reports obtained by RHI are used in determining whether to hire or retain employees, and thus are consumer reports obtained for "employment purposes" within the meaning of Section 603(h) of the FCRA, 15 U.S.C. § 1681a(h).

29. RHI's decision not to allow Plaintiff to begin employment and to classify Plaintiff

as "unplaceable" were "adverse actions" within the meaning of Section 603(k) of the FCRA, 15 U.S.C. § 1681a(k).

30. RHI's failure to provide Plaintiff with a pre-adverse action notice prior to taking the adverse action violated Section 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3).

31. At all times pertinent hereto, the conduct of RHI, as well as its agents, servants and/or employees was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and all other similarly situated consumers pursuant to Fed. R Civ. P. 23 and seeks certification of the following class:

> All natural persons within the United States who, during the five years preceding the filing of this action, were subject to an adverse action by Robert Half International, Inc. based in whole or in part on information contained in a consumer report, without receiving a copy of the consumer report prior to the adverse action, as required by 15 U.S.C. § 1681b(b)(3)(A)(i).

33. Plaintiff reserves the right to modify or amend the definitions of the proposed class.

34. Members of the class are so numerous that joinder of all class members is impracticable. The precise number of class members is unknown to Plaintiff and can only be obtained through discovery; however, the numbers are clearly more than can be consolidated in one complaint and impractical for each to bring suit individually. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains many thousands of members because the Defendant is one of the largest temporary staffing agencies in the United States and is a publicly-traded company with billions of dollars in annual revenue. RHI operates a nationwide staffing agency and is currently the third largest staffing company in the United States.

35. The individual class members are ascertainable as the names and addresses of all class members can be identified from the business records maintained by Defendant. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

1       36.     Common questions of law and fact exist as to all members of the class that predominate over questions affecting only individual class members. The common legal and factual questions include, but are not limited to, the following:

    a.  Whether RHI violated 15 U.S.C. § 1681b(b)(3) by failing to provide consumers with the required pre-adverse action notice; and

    b.  whether those violations were negligent, intentional, or willful; and

    c.  whether Plaintiff and members of the class have been injured and the proper measure of their losses as a result of those injuries; and

    d.   whether Plaintiff and members of the class are entitled to other appropriate remedies, including injunctive, declaratory or other equitable relief.

    37.     Plaintiff's claims are typical of the claims of the members of the class because of the similarity, uniformity, and common purpose of Defendant's conduct. Each class member has sustained, and will continue to sustain injuries in the same manner as a result of Defendant's conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the class. Plaintiff is advancing the same theory of calculating damages on behalf of himself and all members of the class.

    38.     Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation.

    39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

6
CLASS ACTION COMPLAINT

1  Individualized litigation would also increase the delay and expense to all parties and the court
2  system from the issues raised by this action. By contrast, the class action device provides the
3  benefits of adjudication of these issues in a single proceeding, economies of scale, and
4  comprehensive supervision by a single court, affords due process to Defendant, and presents no
5  unusual management difficulties under the circumstances here.

6       40.     The class also may be certified because Defendant has acted or refused to act on
7  grounds generally applicable to the class, thereby making appropriate final declaratory and/or
8  injunctive relief with respect to the members of the class as a whole.

9       41.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf
10  of the entire class, on grounds generally applicable to the entire class, to enjoin and prevent
11  Defendant from engaging in the acts described.

12       42.     Plaintiff is informed and believes, and on that basis alleges, that RHI's failure to
13  provide him the required pre-adverse action notice and subsequent adverse action notice was not
14  an isolated occurrence, but was the direct result of RHI's customary business practices. On
15  information and belief, as a matter of nation-wide policy and practice, RHI regularly fails to
16  provide consumers with the required pre-adverse action notices and subsequent adverse action
17  notices as required by the FCRA.

18       43.     RHI's practices and procedures described herein affected and continue to affect
19  Plaintiff and other consumers.

20       44.     There is a significant community of interest among the Class members, as there are
21  questions of law and fact common to the Class that predominate over any questions affecting only
22  individual Class Members.

23       **45.**     The statutory and punitive damages sought by each member are such that
24  individual prosecution would prove burdensome and expensive given the complex and extensive
25  litigation necessitated by RHI's conduct. It would be virtually impossible for the members of the
26  Class individually to redress effectively the wrongs done to them.

27  ///
28  ///

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681b**
**(on behalf of Plaintiff and the Class)**

46. Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

47. RHI procured consumer reports containing information about Plaintiff and the Class from a consumer reporting agency.

48. RHI took adverse employment actions against Plaintiff and the Class based in whole or in part on the information contained within those consumer reports.

49. RHI failed to provide Plaintiff and the Class with a copy of his or her consumer report and a reasonable amount of time to respond prior to taking those adverse employment actions.

50. As a result of RHI's actions, Plaintiff and the members of the Class have been deprived of their consumer rights and have been prevented from timely and effectively contesting the adverse action.

51. RHI's failure to timely provide these required pre-adverse action notices to Plaintiff and other members of the Class violated 15 U.S.C. § 1681b(b)(3).

52. RHI's violation of the FCRA was willful within the meaning of 15 U.S.C. § 1681n. RHI is therefore liable to Plaintiff and the class for statutory damages, punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action.

53. In the alternative, RHI was negligent, entitling Plaintiff individually to recover his actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated individuals demands judgment against Defendants as follows:

1. Declaring this action to be a proper class action maintainable pursuant to Fed. R. Civ. P. 23 and declaring Plaintiff and their counsel to be representatives of the Class;

2. Statutory damages in an amount not less than $100 and not more than $1,000 per

1 violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

2  3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

3  4. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

4  5. Declaring that Defendant's conduct violates the FCRA and enjoining such future violations; and

6  6. Such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  October 20, 2016   CHAVEZ & GERTLER LLP

By:  /s/ Christian Schreiber

Christian Schreiber

Attorneys for Plaintiff Thomas Black and the Proposed Class

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for any and all causes of action for which a trial by jury is permitted by law.

Respectfully submitted,

Dated:  October 20, 2016   CHAVEZ & GERTLER LLP

By:  /s/ Christian Schreiber

Christian Schreiber

Attorneys for Plaintiff Thomas Black and the Proposed Class